### HANNAH DRAPER TOWNSHEND
*vs.*
### CORNELIUS J. DANAHER ET ALS.

Coram: Hon. Patrick B. O'Sullivan, a Judge of the Superior Court.

MEMORANDUM FILED APRIL 25, 1940.

*H. Leroy Jackson,* of Danbury, for the Plaintiff.

*Francis A. Pallotti,* Attorney General, for the Defendants.

O'SULLIVAN, J. The fundamental question involved in this controversy may be thus stated: Who is to prepare the list of names from which the Governor may make his selection to fill a vacancy in the office of the personnel director of the State?

The Civil Service Act was designed for greater efficiency in governmental activities and for the economic security of certain state employees. All appointments to, and promotions in the State service, except for a limited few, are now made on the basis of merit and fitness, ascertained by competitive examinations available to all who desire to qualify.

To administer the work, the act establishes a personnel department, headed by a personnel director. There is also created a personnel advisory committee of five. On his own responsibility, the Governor is required to appoint to this committee two administrative heads of State departments, two employees who fall within the terms of the act, and one head of a State institution.

The personnel director, who was appointed by Governor Cross, has tendered his resignation effective as of the coming May 1st and a clash of opinion has arisen as to the method of selecting his successor. The petitioner urges that the appointment must be made from a list of eligible persons prepared by the personnel department, acting under the director, after holding competitive examinations. The defendants, who are the five members of the personnel advisory committee, dispute this claim and insist that, by the terms of the act, they are required to perform the duties upon which they are now engaged in the preparation of eligible persons to be submitted to the Governor.

The act recites that the director "shall be appointed by the governor, with the advice and consent of the senate, and selected from a list of eligible persons provided by the advisory personnel committee." Supp. [1939] §643e. Thus there are three required conditions, in the absence of which the successor to the present director cannot be deemed to have been legally chosen under the section of law just cited. First: He must be appointed by the Governor; second: The Governor's appointment must be confirmed by the Senate; third: The Governor is without power to appoint anyone other than one whose name appears upon a list of eligible persons provided by the advisory personnel committee.

By way of parenthesis at this point it might be stated that of all persons whose offices are covered by the protective features of the act, only the personnel director is nominated by the Governor for Senate confirmation. This, it seems to me, is quite significant of the legislative intention, for it indicates a desire on the part of the Assembly to retain a partial control

over the appointment to this office, as though the office was comparable to that of others in State government which dictate policy and which, for that reason, should not fall within the terms of the act. And yet, upon Senate confirmation the appointee immediately falls within the act and cannot be removed save for misconduct, incompetency or neglect of duty. To determine whether this policy is wise or unwise is not a judicial function. The Legislature having decreed that responsibility for the selection of such an important officer as the personnel director shall be divided, a court is bound to enforce the method.

The second of the three conditions above referred to cannot be met at the present time because the Senate is not in session, but it is equally obvious that a governmental agency cannot cease to operate merely because the Legislature happens to be in adjournment. To meet such a contingency, an act of 1935 provides that when the General Assembly is not in session and when no other provision has been made therefore, the Governor may make an interim appointment to those positions, the filling of which requires Senate confirmation. Cum. Supp. [1935] §11c. To name a successor, then, to the present director requires the Governor to rely on section 11c of the 1935 Cumulative Supplement to the General Statutes, because there is in the Civil Service Act no provision as to the method of filling the vacancy about to occur.

But it is further obvious that the Governor may not select at will. He is limited in his choice to those whose names appear upon a list submitted to him by the advisory committee, for he cannot ignore the conditions which attach to those eligible for the office, and one such limitation is that his appointee must be obtained from a list provided by the personnel advisory committee. Until such a list is prepared, he is powerless to fill the vacancy.

The committee has been engaged in preparing such a list. No other course is open to them. To fail to carry on their work would, in fact, be an instance of shirking duty and might be the basis for their removal from office.

Accordingly, the application for a temporary injunction is denied.